UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FREDERICK QUADERER,

        Petitioner,

v.                                       CASE NO. 07-10289
                                         HONORABLE JOHN CORBETT O'MEARA

LINDA METRISH,

        Respondent.
_____/

## **OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Jeffrey Frederick Quaderer has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The pleading challenges Petitioner's state sentence for first-degree child abuse. Respondent argues in an answer to the habeas petition that Petitioner's claim lacks merit and is not cognizable on habeas review. The Court agrees that Petitioner is not entitled to relief. Therefore, the habeas petition will be denied.

### **I. Background**

On April 24, 2002, a circuit court jury in Saginaw County, Michigan found Petitioner guilty of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). The conviction arose from injuries inflicted on the eight-month-old son of Petitioner's girlfriend. The injuries included bite marks, puncture wounds, and broken bones. An expert witness testified that, in his opinion, the child was tortured.

The sentencing guidelines called for a minimum sentence of 57 to 95 months. The trial court departed upward from the guidelines and sentenced Petitioner to a minimum term of 120

months (ten years) in prison and to the statutory maximum of fifteen years. The trial court provided the following explanation for its deviation from the state sentencing guidelines:

> [F]irst of all, in the 17 years I've been on the bench there have been very few cases that shock me, but this one did. There was no sensible reason for what happened here. Any one of the multiple injuries to the child could have resulted in a conviction for this offense. The punctures, the broken ribs, the broken clavicle, the bites, the pinch marks, any of these could have been classified as a victim of child abuse. They all occurred.
>
> Further, I have to note for the record here that you had a prior conviction. In this case I have no doubt that alcohol had a severe impact on what you did. On the previous case you had one where you were involved in alcohol and another incident with a minor occurred, and it seems like bad things happen when you are around minors and alcohol. I don't think we can trust you.

*People v. Quaderer*, No. 01-019901-FH, at 8-9 (Saginaw County Cir. Ct. June 3, 2002).

On appeal from his conviction and sentence, Petitioner argued, among other things, that his sentence should be vacated because the trial court did not provide substantial and compelling reasons for departing from the state sentencing guidelines. The Michigan Court of Appeals concluded on review of this claim that the extent of the child's injuries and Petitioner's previous convictions were objective and verifiable factors and constituted substantial and compelling reasons for departing from the guidelines. The court of appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. *See People v. Quaderer*, No. 242721 (Mich. Ct. App. Nov. 25, 2003). On May 28, 2004, the Michigan Supreme Court denied leave to appeal. *See People v. Quaderer*, 470 Mich. 867; 680 N.W.2d 899 (2004) (table).

Petitioner subsequently filed a motion for relief from judgment, which the trial court denied. On appeal from the trial court's decision, Petitioner alleged that his minimum sentence of ten years was disproportionate, an abuse of discretion, and a violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. The Michigan Court of

Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Quaderer*, No. 263825 (Mich. Ct. App. Feb. 9, 2006). On May 30, 2006, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Quaderer*, 475 Mich. 873; 715 N.W.2d 19 (2006).[1]

Petitioner filed his habeas petition on January 18, 2007. The sole claim alleges that Petitioner is entitled to re-sentencing because his sentence was based on facts, which he did not admit and which the jury did not find beyond a reasonable doubt. In support of this claim, Petitioner alleges that the trial court erred in scoring the state sentencing guidelines. Because Petitioner did not file a supporting brief, the Court has looked to his state appellate court brief as support for his claim.

## II. Standard of Review

Habeas petitioners are entitled to the writ of habeas corpus only if they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

---

[1] Justice Marilyn Kelly voted to hold the case in abeyance for *People v. Drohan*, *leave granted*, 472 Mich. 881 (2005).

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted). In addition, "state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004).

### III. Discussion

Petitioner's challenge to the scoring of the state sentencing guidelines lacks merit, because questions of state sentencing law and the scoring of state sentencing guidelines are not cognizable on federal habeas corpus review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Long v. Stovall*, 450 F. Supp. 2d 746, 754 (E.D. Mich. 2006) (Gadola, J.). As succinctly explained by the Sixth Circuit,

> [a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

*Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at **2 (6th Cir. Sept. 16, 2003) (unpublished). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

Petitioner's Sixth Amendment claim also lacks merit. The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California*, __ U.S. __, __, 127 S. Ct. 856, 863-64 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id*. at 860. As stated in *Blakely v. Washington*, 542 U.S. 296 (2004), "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 303 (emphasis in original). Petitioner's reliance on *Blakely* is misplaced, because a majority of the Supreme Court in *Blakely* indicated that its decision applied only to determinate sentencing systems. *See Blakely*, 542 U.S. at 308-09. Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Claypool*, 470 Mich; 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum

5

sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *People v. Drohan*, 475 Mich. 140, 163-64; 715 N.W.2d 778, 791 (2006).[2]  Therefore, the Michigan system is unaffected by *Blakely*. *Id.*, 475 Mich. at 164; 715 N.W.2d at 791.

### IV.  Conclusion

The alleged error of state law is not a basis for habeas corpus relief, and the state courts' rejection of Petitioner's claim did not result in a decision that was contrary to *Blakely*. Accordingly, the application for a writ of habeas corpus is **DENIED**.  The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court.  Fed. R. App. P. 24(a)(3).

                                                     s/John Corbett O'Meara
                                                     United States District Judge

Date:  March 5, 2008

---

[2]  Last year, the Michigan Supreme Court reaffirmed its holding in *Dorhan* that Michigan's indeterminate sentencing scheme is valid under *Blakely*.  *See People v. Harper*, 479 Mich. 599, 615; 739 N.W.2d 523, 533 (2007), *cert. denied*, __ S. Ct. __, 2008 WL 482060 (U.S. Feb. 25, 2008) (No. 07-7411).  *See also People v. McCuller*, 479 Mich. 672, 686; 739 N.W.2d 563, 571 (2007) (stating that the United States Supreme Court's decision in *Cunningham* does not require the Michigan Supreme Court to modify its decision in *Drohan* and that a sentencing court does not violate *Blakely* by engaging in judicial fact-finding to calculate the recommended minimum sentence range), *petition for cert. filed*, (U.S. Dec. 19, 2007) (No. 07-8381).

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 5, 2008, by electronic and/or ordinary mail.

                                                                                  <u>s/William Barkholz</u>
                                                                                  Case Manager